BOWES v INTERNATIONAL PHARMAKON LABORATORIES, INC

Docket No. 48919. Submitted June 9, 1981, at Detroit.—Decided November 17, 1981.

Harry Bowes and Rosalie J. Bowes brought an action against International Pharmakon Laboratories, Inc., for damages resulting from injuries received by Rosalie J. Bowes subsequent to the use of Pharmakon's product. Instasan Brand Products, Inc., was later added as a party defendant. Pursuant to information revealed during discovery, Dr. Joseph Hirsch also was added as a party defendant on a theory of medical malpractice. However, Rosalie J. Bowes had entered into an arbitration agreement with Dr. Hirsch, and Dr. Hirsch moved for accelerated judgment and to compel arbitration under the agreement. Wayne Circuit Court, Myron H. Wahls, J., denied the motion, reasoning that the plaintiffs should not be compelled to split their causes of action. Dr. Hirsch appeals by leave granted. *Held*:

The trial court erred in denying Dr. Hirsch's motion. A valid arbitration agreement existed, conferring subject matter jurisdiction of the plaintiffs' claim against Dr. Hirsch on an arbitration panel. The court rules providing for joinder of parties cannot be used to invalidate the agreement and to confer original jurisdiction to hear the dispute upon the circuit court.

Reversed.

1. ARBITRATION — CIRCUIT COURTS — ARBITRATION PANELS — SUBJECT MATTER JURISDICTION — COURT RULES.

Court rules providing for joinder of parties cannot be used to expand the jurisdiction of a circuit court, and where parties have entered into a valid, binding arbitration agreement, thereby conferring subject matter jurisdiction on an arbitration panel, the court rules cannot be employed subsequently to

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 36.
20 Am Jur 2d, Courts § 107.
[2] 20 Am Jur 2d, Courts § 91.
[3] 5 Am Jur 2d, Arbitration and Award § 82.

invalidate the agreement and confer original jurisdiction upon a circuit court (GCR 1963, 205, 206).

2. COURTS — JURISDICTION — COMMON LAW — CONSTITUTIONAL LAW — COURT RULES — STATUTES.

The power and jurisdiction possessed by a court of record at common law may be altered by the constitution and laws of Michigan and by rules promulgated by the Supreme Court (MCL 600.601[1]; MSA 27A.601[1]).

3. ARBITRATION — APPEAL — CIRCUIT COURTS — COURT RULES.

Parties to an arbitration agreement may appeal to a circuit court to enforce the agreement and to carry into effect the agreement and the provisions of the pertinent arbitration statute (GCR 1963, 769.2[1]).

*Temple v Cutler,* for plaintiff.

*Moll, Desenberg, Bayer & Behrendt,* for defendant Hirsch.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

PER CURIAM. Defendant Dr. Joseph Hirsch appeals by leave granted from an order entered by a Wayne County Circuit Court judge denying his motion for accelerated judgment and to compel arbitration pursuant to the medical malpractice arbitration statute, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* and GCR 1963, 769.2(1).

On September 6, 1977, Dr. Hirsch administered an injection to Rosalie Bowes, utilizing an antiseptic named Instasan to cleanse plaintiff's skin. The essential allegation of plaintiffs' complaint was that Rosalie contracted meningitis as a result of being exposed to contaminated Instasan while being treated by Dr. Hirsch. Plaintiff Harry Bowes made a claim for loss of consortium based upon the injuries sustained by his wife.

* Circuit judge, sitting on the Court of Appeals by assignment.

This litigation was originally instituted against International Pharmakon Laboratories, Inc., the manufacturer of Instasan. Instasan Brand Products was later added as a party defendant, both corporate defendants being sued on a products liability theory.

As information surfaced during the discovery process, Dr. Hirsch was added as a defendant on a medical malpractice theory. Plaintiff Rosalie Bowes had signed an agreement to arbitrate any claims for medical malpractice against Dr. Hirsch, but there was no such agreement between plaintiff and either of the corporate defendants.

Dr. Hirsch moved to compel arbitration pursuant to the agreement. The circuit judge denied the motion, reasoning that plaintiffs should not be compelled to split their causes of action or to risk having each of the defendants, in separate judicial and arbitration proceedings, escape liability by blaming the other defendants for plaintiffs' injuries and damages.

On the record, the sole issue on appeal is whether the trial court erred in failing to grant Dr. Hirsch's motion for accelerated judgment. The parties do not dispute that Rosalie Bowes executed an arbitration agreement. Further, the parties did not raise below the issues of whether this was a valid arbitration agreement pursuant to the medical malpractice arbitration statute or whether an arbitration agreement exercised in conformity with the statute is valid. Finally, the issue of whether the dispute between plaintiffs and defendant was a proper matter for arbitration was not raised.

Plaintiffs argue that the trial court's denial of accelerated judgment was proper and in accord with GCR 1963, 205 and 206:

"1. Necessary Joinder. Subject to the provisions of Rule 208 and of subrule 205.2, persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief shall be made parties and be joined as plaintiffs or defendants and aligned in accordance with their respective interests.

"2. Effect of Failure to Join. When persons described in subrule 205.1 have not been made parties and are subject to the jurisdiction of the court, the court shall order them summoned to appear in the action, and may prescribe the time and order of pleading. If jurisdiction over such persons can be acquired only by their consent or voluntary appearance, the court may proceed with the action and grant such appropriate relief to persons who are parties as will prevent a failure of justice.". GCR 1963, 205.

"All persons may be joined in 1 action as defendants

"(1) if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action; or

"(2) if it appears that their presence in the action will promote the convenient administration of justice." GCR 1963, 205.1.

In response, defendant Hirsch argues that these rules cannot be used to expand the jurisdiction of the circuit court. The gravamen of his argument is that the arbitration agreement executed by Rosalie Bowes divested the court of jurisdiction and that the court rules cannot be employed to invalidate this agreement and thereby confer jurisdiction in the court. We are persuaded that defendant is correct.

Article 6, § 13 of the 1963 Michigan Constitution states:

"The circuit court shall have original jurisdiction in all matters not prohibited by law * * *."

MCL 600.601(1); MSA 27A.601(1) states that circuit courts are vested with the power and jurisdiction possessed by courts of record at the common law as they may be altered by the constitution and laws of this state and rules promulgated by the Supreme Court. Impacting on the Court's jurisdiction in this case, are both the uniform arbitration act, MCL 600.5001-600.5035; MSA 27A.5001-27A.5035, and the medical malpractice arbitration statute, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.* Under the provisions of these acts, a valid, binding arbitration agreement places subject matter jurisdiction in a panel of three arbitrators. MCL 600.5044(2); MSA 27A.5044(2). The circuit court's function is then no longer original but in the nature of an appellate court with supervisory powers. As GCR 1963, 769.2(1) indicates:

"On application of a party showing an agreement to arbitrate which conforms to the arbitration statute, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, and to take such other steps essential to carry into effect the arbitration agreement and the arbitration statute * * *."

Just such an arbitration agreement, between doctor and patient, was before the trial court when it was presented with defendant Hirsch's motion for accelerated judgment. In responding to this motion, plaintiffs relied primarily on GCR 1963, 205, arguing that the necessary joinder of parties rule takes precedence over the arbitration agreement and that jurisdiction in the trial court was mandated. In so arguing, plaintiffs suggest that

subject matter jurisdiction which is conferred by the constitution and statutes may be enlarged by rules promulgated to govern court procedures. We cannot agree, nor does the rule upon which plaintiffs rely mandate such a result. Rather GCR 1963, 205.2, specifically provides:

"When persons described in subrule 205.1 have not been made parties and are *subject to the jurisdiction* of the court, the court shall order them summoned to appear in the action * * *." (Emphasis added.)

Thus, the issue of joinder properly arises only when jurisdiction otherwise exists. It does not work to vest a court with jurisdiction.

While it appears that this case raises a matter of first impression in this state, in *Yedinak v Yedinak,* 383 Mich 409; 175 NW2d 706 (1970), our Supreme Court did consider the question of whether joinder rules could work to expand the equitable jurisdiction of a circuit court in a divorce proceeding. In rejecting the possibility, the Supreme Court stated:

"There are two kinds of jurisdiction, that is to say, jurisdiction of parties and jurisdiction of subject matter. The most that can be said of the mentioned court rules is that, if they pertain at all to jurisdiction, it is to the former and not the latter kind. One must read these rules in vain to find therein any mention of or grant to courts of equity, in divorce proceedings, of power to disregard statutory provisions pertaining to divorce and to litigate the rights of others than the husband and wife." *Id.,* 414.[1]

---

[1] We note additionally that the Court added:

"[P]arties cannot confer jurisdiction over a subject matter, by consent, upon a tribunal from which the law has withheld it." *Yedinak v Yedinak,* 383 Mich 409, 415; 175 NW2d 706 (1970).

We believe this case to be instructive. Just as in *Yedinak,* we find nothing in the joinder rules that suggests a basis for invalidating the arbitration forum, made available to the parties by statute with their consent, to join the doctor in a circuit court proceeding with the manufacturer and distributor.

Further, we note that, while it is true that plaintiffs' claim as to all the defendants arose out of one transaction, the suit initiated against the doctor was separate and apart in theory from that of the two corporate defendants. Succinctly, the corporate defendants were charged with releasing a defective product for public consumption, while the defendant doctor was charged with failing to adhere to reasonable and prudent standards of care in treating the plaintiff.

We are not insensitive to plaintiffs' concern that it would be possible for the proceedings in the circuit court to result in a determination that the corporate defendants were not liable because of the fault of the doctor and for the arbitration panel to find that the doctor is not liable due to the negligence of the corporate defendants. We find this argument, however, in light of the record before us, conjectural at best. While we acknowledge that it may be possible that both forums will find for the defendants, we believe it is pure speculation to suggest that they would reach this result by finding the absent defendant to be the culpable party.

In any case, in the posture in which this matter is before us, we cannot resolve a problem which, if it exists at all, goes to the validity of the arbitration agreement—an issue which, as we indicated at the outset, was not raised before the trial court.

Finally, it should be noted that GCR 1963, 205,

is recognized as the successor to the common-law rule against splitting a cause of action. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Committee Notes, Rule 205, p 544. It would appear to this Court, therefore, that plaintiffs misused this rule then they opposed defendant Hirsch's motion for accelerated judgment, since it was designed to protect a defendant from a plaintiff who sought to substitute a portion of his claim to a third party, thereby causing defendant vexatious, costly, and multiple lawsuits. Clearly, this is not the situation in this case.

We conclude, therefore, that the trial court erred in denying the defendant doctor's motion for accelerated judgment.

Reversed. No costs, a matter of statutory and court rule interpretation being involved.