BABAYAN v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 60401. Submitted July 20, 1982, at Detroit.—Decided
November 18, 1982.

Dikron Babayan, as administrator of the estate of Pierre Ba-
bayan, deceased, filed a demand for arbitration under the
uninsured motorists coverage provision of his automobile insur-
ance policy with Detroit Automobile Inter-Insurance Exchange.
He was awarded the policy limits and thereafter filed a motion
in Wayne Circuit Court to confirm the award. He also re-
quested interest and costs. The circuit court, Irwin H. Burdick,
J., confirmed the award and ordered payment of 12% interest
from the date of filing the demand for arbitration and costs.
DAIIE appeals, alleging that the circuit court erred in award-
ing interest and costs. *Held:*

1. Interest on an arbitration award is limited by statute to
5% per annum from the date of the award. Prejudgment
interest as allowed by statute for tort claims is not covered by
the bodily injury liability provisions of the insurance policy.
The award of 12% interest was error.

2. The circuit court properly awarded costs of the arbitration
as well as those incurred after filing in circuit court for confir-
mation of the award.

Affirmed in part, reversed in part, and remanded for modifi-
cation of the award of interest.

1. ARBITRATION — INTEREST ON ARBITRATION AWARD.
Generally, the allowance of interest is statutory; interest allowa-
ble on an arbitration award under an insurance policy is in the
amount of 5% per annum from the date of the award (MCL
438.7, 438.31; MSA 19.4, 19.15[1]).

2. COURTS — COURT OF APPEALS — UNPUBLISHED OPINIONS.
Unpublished opinions of the Court of Appeals are of no preceden-
tial value.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7A Am Jur 2d, Automobile Insurance § 428.
[2] 20 Am Jur 2d, Courts § 189.
[3] 5 Am Jur 2d, Arbitration and Award § 139.

3. Arbitration — Costs.

Costs in confirming an arbitration award may be taxed as in all civil actions; costs may be allowed for the fees and expenses of the arbitrators as well as for those costs incurred after the filing of the petition in circuit court (MCL 600.2401 *et seq.;* MSA 27A.2401 *et seq.;* GCR 1963, 769.12).

*Romain, Donofrio & Kuck, P.C.* (by *Claude Romain),* for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *James M. Jourdan),* and *Gromek, Bendure & Thomas* (by *James G. Gross),* of counsel, for defendant.

Before: M. F. Cavanagh, P.J., and D. C. Riley and V. J. Brennan, JJ.

Per Curiam. Defendant appeals as of right from a judgment confirming an insurance arbitration award and asserts that the trial court improperly added interest and costs to the $20,000 maximum coverage award.

First, defendant contends that the trial court erred when it computed interest at 12% per annum from the date of the filing of the arbitration demand, under MCL 600.6013; MSA 27A.6013, rather than at 5% per annum from the date of the award, under MCL 438.31; MSA 19.15(1). We agree. The allowance of interest in general is statutory and the allowance of interest in arbitration awards is governed by MCL 438.7; MSA 19.4 and MCL 438.31; MSA 19.15(1). *Osinski v DAIIE,* 69 Mich App 426, 428-429; 245 NW2d 76 (1976).

Plaintiff argues that the arbitration agreement between plaintiff and defendant provides for a 12% interest award since, under that agreement, plaintiff is entitled to "all sums" recoverable "as damages" through an action in tort. However, this

Court has held that "[p]rejudgment interest [authorized under MCL 600.6013; MSA 27A.6013] is not an element of damages covered by the bodily injury liability provisions". *Dittus v Geyman,* 68 Mich App 433, 439; 242 NW2d 800 (1976), *lv den* 397 Mich 837 (1976). Plaintiff's reliance upon an unpublished opinion released by this Court is misplaced since unpublished opinions are of no precedential value. See *Borgess Hospital v Berrien County,* 114 Mich App 385, 386, fn 1; 319 NW2d 354 (1982); *Home Ins Co v Rosquin,* 90 Mich App 682, 684, fn 2; 282 NW2d 446 (1979), *lv den* 408 Mich 855 (1980).

The trial court did not err in awarding costs as part of its order confirming the arbitration award. MCL 600.2401 *et seq.;* MSA 27A.2401 *et seq.,* authorizes circuit courts to award certain costs incurred in special proceedings. GCR 1963, 769.12 provides that costs in confirming an arbitration award will be taxed as in all civil actions, which, under GCR 1963, 526.1, means that costs will be allowed the prevailing party. Neither MCL 600.2401 *et seq.;* MSA 27A.2401 *et seq.,* nor GCR 1963, 769.12 expressly limit allowable costs to those incurred after the filing of the motion in circuit court and the latter expressly provides that the circuit courts may allow "for the fees and expenses of the arbitrators".

This case is remanded for modification of the award of interest pursuant to MCL 438.31; MSA 19.15(1).

Reversed in part and affirmed in part.