PEOPLE v GOECKERMAN

Docket No. 62299. Submitted May 4, 1983, at Lansing.—Decided June 21, 1983.

> Neil T. Goeckerman was convicted of possession of less than 50 grams of cocaine, Crawford Circuit Court, William A. Porter, J. Defendant appealed, alleging that his arrest without a warrant was illegal and that the cocaine seized at that time was inadmissible into evidence. *Held:*
>
> An arrest warrant is not required for a valid arrest where a police officer has reasonable cause to believe that there has been a felony committed and that the person arrested committed it. Such reasonable belief may be founded upon information supplied from a reliable citizen source, including a description given to police by a complainant. The police had information from a witness indicating that a crime had been committed and that defendant committed it.
>
> Affirmed.

1. ARREST — WARRANTS — PROBABLE CAUSE — INFORMANTS.

> An arrest warrant is not required for a valid arrest where a police officer has reasonable cause to believe that there has been a felony committed and that the person arrested committed it; such reasonable belief may be founded upon information supplied from a reliable citizen source, including a description given to police by a complainant.

2. APPEAL — ARREST — FELONIES — PROBABLE CAUSE.

> A court, in reviewing a claim that a police officer lacked probable cause to arrest, must determine whether facts available to the officer at the moment of arrest would justify a fair-minded person of average intelligence and judgment in believing that the suspected person had committed a felony; each case must be analyzed in light of the particular facts confronting the arresting officer.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest § 46.
[2] 21 Am Jur 2d, Criminal Law § 412.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John B. Huss,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant in Charge, Prosecuting Attorneys Appellate Service, for the people.

*Don Ferris,* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and D. F. WALSH, JJ.

D. F. WALSH, J. Defendant, Neil Thomas Goeckerman, was convicted in a nonjury trial of possession of less than 50 grams of cocaine. MCL 333.7403(1), 333.7403(2)(a)(iv); MSA 14.15(7403)(1), 14.15(7403)(2)(a)(iv). He was sentenced to a prison term of two to four years.

The only issue raised on appeal, as in the lower courts, is the legality of defendant's arrest without a warrant. Defendant has persistently argued that the arresting police did not have probable cause to arrest him.[1] The district and circuit court judges disagreed. Defendant's opposition to bindover was unsuccessful in district court, as was his circuit court motion to quash the information and to suppress evidence. The circuit court's ruling was based solely on the preliminary examination evidence. No additional testimony was taken at the

---

[1] Throughout these proceedings, defendant has placed almost exclusive reliance on an unpublished opinion in this Court in support of his claim that his arrest was illegal. *People v Morgan Ray Combs* (docket no. 78-1745, decided August 23, 1979). That case has no precedential value. *Babayan v DAIIE,* 121 Mich App 515; 328 NW2d 429 (1982), *Borgess Hospital v Berrien County,* 114 Mich App 385, 386, fn 1; 319 NW2d 354 (1982). Counsel is reminded that unpublished opinions, which are not equally and readily accessible to all members of the bench and bar, are not to be cited. In any event, the facts set forth in the *Combs* opinion are significantly distinguishable from those presented by the prosecution at the preliminary examination in the instant case.

motion hearing. Defendant's suppression motion was not renewed at trial.

There is no dispute that, if defendant's arrest was illegal, the cocaine was not admissible into evidence.

The sole preliminary examination witness was Officer Karl Schreiner of the City of Grayling police department. He testified that, at 11:46 p.m. on June 7, 1980, the Crawford County Sheriff's Department received a complaint concerning a possible violation of the Public Health Code. The complaint was transmitted to Officer Schreiner in his patrol vehicle. He was told to go to the Pioneer Room of the Shoppenagon Hotel and talk with the manager.

Upon arrival at the hotel, he spoke with the manager, who told him that one of his waitresses, Diana Lane, had reported seeing defendant, a customer in the Pioneer Room, with white or yellow powder in front of him on his table. Ms. Lane had told the manager that defendant had been in the process of splitting up the powder. After talking with Ms. Lane, the manager had gone by defendant's table but had seen no powder. He told the police that the men at the defendant's table had been drinking champagne.

Officer Schreiner and a deputy accompanying him then spoke with Ms. Lane, who told them she had seen three persons sitting at defendant's table. They had been drinking champagne. At 11:30 p.m., she passed by the table and saw white or yellow powder on the table in front of defendant. Defendant offered her some of the powder, asking if she would like a "toot". In her opinion, the powder was cocaine. She had never used cocaine and wasn't sure if she had ever seen cocaine. She declined defendant's offer. According to Officer

Schreiner, to offer someone a "toot" is to offer him or her cocaine for use; it could possibly also relate to other drugs.

The police officers stationed themselves in the manager's office behind a one-way mirror through which they observed defendant's table until defendant left the bar at 2 a.m. Officer Schreiner saw defendant and one other man, and sometimes a third man, at the table. The men spent the two hours talking to people at the next table, and getting up and down from the table; at times, they got up to dance. There was nothing unusual in defendant's behavior during that time; no powder was seen. Officer Schreiner did not recall seeing defendant drink anything and did not observe what the men had been drinking. He testified, however, that defendant was intoxicated when he was arrested.

At some point during those two hours, the police telephoned the prosecuting attorney and had Ms. Lane speak with him. According to Officer Schreiner, defendant's arrest, after he left the hotel, was based on what Ms. Lane had reported and on the opinion of the prosecuting attorney. Officer Schreiner had had no previous contact with Ms. Lane.

At the conclusion of proofs, defense counsel argued that the police had not had probable cause to believe that a felony had been committed. The district court disagreed, ruling that the information supplied by Ms. Lane had given the police probable cause to arrest defendant. The ruling was supported by the following findings: ·

"* * * that she was an employee in the restaurant or bar or lounge of a local establishment in the City of Grayling; that in the course of her activity as an

employee in the bar area, she did observe a substance in front of the defendant, which apparently has been stated by her to be a white powder; further statements by her that the defendant offered her a "Toot" and in his knowledge and experience as a police officer, this meaning is an offering of a substance commonly referred to as cocaine to be used by the individual offering this information."

In denying defendant's motion to quash the information and to suppress evidence, the circuit court rejected defendant's claim that the police were not justified in relying on Ms. Lane's report of defendant's activities. The court observed that Ms. Lane was an employee who remained on the scene after speaking with the police and that she had even spoken with the prosecuting attorney. Recognizing that the prosecution had not presented "the strongest case by any means", the court ruled that there had been probable cause to arrest defendant and that the bindover had been proper.

Defendant's arrest was not illegal if the police had probable cause to believe that a felony had been committed and probable cause to believe defendant had committed it. MCL 764.15; MSA 28.874; *People v Potter,* 115 Mich App 125, 134; 320 NW2d 313 (1982). In reviewing defendant's claim that the police lacked the requisite probable cause to arrest him, this Court must determine whether facts available to the police at the moment of arrest would have justified a fair-minded person of average intelligence and judgment in believing that defendant had committed a felony. Each case must be analyzed in light of the particular facts and circumstances confronting the arresting police. *People v Harper,* 365 Mich 494, 501; 113 NW2d 808 (1962); *People v Wade,* 23 Mich

App 132, 135; 178 NW2d 139 (1970), *lv den* 384 Mich 758 (1970); *People v Potter, supra.*

An officer's belief that a felony has been committed and that the person arrested committed it may be based on what the officer observes or on what he or she learns from a reliable source. "Information supplied from a reliable citizen source is enough to found a reasonable belief." *People v Horton,* 98 Mich App 62, 66; 296 NW2d 184 (1980). *People v Herrera,* 19 Mich App 216; 172 NW2d 529 (1969); *People v Wolfe,* 5 Mich App 543, 549-550; 147 NW2d 447 (1967), *lv den* 379 Mich 756 (1967). The strict standard of reliability which must be satisfied in the case of an anonymous or criminal informant or "professional stool pigeon" does not apply to ordinary, known citizens who supply information to the police. *People v Herrera, supra; People v Wolfe, supra,* p 550; *People v Rodriguez,* 83 Mich App 606, 609-610; 269 NW2d 199 (1978).

After careful review of the preliminary examination testimony, we are persuaded that the prosecution met its burden of establishing probable cause for defendant's arrest.[2]

Assuming Ms. Lane's reliability, the information she relayed to the police was sufficient to support a reasonable belief that a felony had been committed by defendant. Ms. Lane had seen white or yellow powder on the table in front of defendant and had been offered a "toot". In her opinion, the powder was cocaine. The police recognized the offer of a "toot" as an offer of cocaine or another

---

[2] Consideration of the trial testimony in this case is precluded in reviewing the circuit court's ruling. *People v Charles D Walker,* 385 Mich 565, 572; 189 NW2d 234 (1971). Defendant's motion to suppress was not renewed at trial. See *People v Orozco,* 74 Mich App 428, 430, 431, fn 1; 253 NW2d 786 (1977), *rev'd on other grounds* 402 Mich 849; 261 NW2d 532 (1978).

drug. The police solicited the prosecutor's advice concerning the arrest of defendant. The manager told the police that Ms. Lane had reported seeing defendant splitting up the powder.

Relevant to Ms. Lane's reliability was the fact that she provided a somewhat detailed account of what she had witnessed; she was an employee of the establishment, was known to the manager and had sought his advice about what she had observed and experienced; she was not going to leave the scene after speaking with the police. She also spoke, by phone, with the prosecuting attorney. The manager himself spoke with the police before Ms. Lane's conversation with them. While the police were not able to corroborate the incriminating details of Ms. Lane's report, they observed defendant and his companions at the table in question.

We find that the facts available to the police at the time of defendant's arrest would have justified a fair-minded person of average intelligence and judgment in believing that defendant had committed a felony. Under the circumstances of this case, the police were justified in concluding that Ms. Lane was a reliable source of information.

Defendant's conviction is affirmed.