MORGAN v KAMIL

Docket No. 73623. Submitted October 9, 1984, at Detroit.—Decided March 19, 1985. Leave to appeal denied, 422 Mich 969.

Plaintiff, Eugene Morgan, M.D., brought an action against Richard S. Kamil, M.D., alleging medical malpractice. Prior to the performance of the medical service in question plaintiff had signed a medical malpractice arbitration agreement. Subsequent to the filing of the lawsuit, plaintiff demanded arbitration pursuant to the agreement. The trial court, pursuant to defendant's motion for accelerated judgment, dismissed the complaint and ordered the matter submitted to arbitration. The arbitration resulted in an award in favor of plaintiff, who then sought confirmation of the arbitration award and entry of judgment thereon, plus interest on the award. The Wayne Circuit Court, Thomas Roumell, J., entered a judgment confirming the award and awarding plaintiff interest, pursuant to MCL 600.6013, computed from the date of filing of the plaintiff's complaint. Defendant appealed, alleging that the circuit court erred in awarding prejudgment interest. *Held:*

1. MCL 600.6013 allows interest, including prejudgment interest, only on money judgments recovered in civil actions through court proceedings. It does not authorize interest on an arbitration award or the judgment confirming the award. Therefore the trial court erred in awarding prejudgment interest on the arbitration award.

2. Interest on an arbitration award is governed by MCL 438.7, which provision relates to actions founded on contracts. Such interest is to commence on the date of the arbitration award. Further, the rate of interest is to be at five percent per annum pursuant to MCL 438.31.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] Am Jur 2d, Arbitration and Award §§ 11 *et seq.*
   Arbitration of medical malpractice claims. 84 ALR3d 375.
[2] Am Jur 2d, Arbitration and Award §§ 124-150.
   See the annotations in the ALR3d/4th Quick Index under Interest on Money.

1. Arbitration — Courts — Jurisdiction.

   A valid, binding medical malpractice arbitration agreement divests the circuit court of subject matter jurisdiction over a malpractice action and places that jurisdiction in a panel of arbitrators (MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.).*

2. Arbitration — Interest.

   Interest on an arbitration award is governed by the statutory provisions relating to actions founded on contracts and is to be awarded at the rate of five percent per annum from the date of the award; the statute allowing prejudgment interest and interest on a money judgment in a civil action does not apply to an arbitration award and the judgment confirming the award (MCL 438.7, 438.31, 600.6013; MSA 19.4, 19.15[1], 27A.6013).

*Sommers, Schwartz, Silver & Schwartz* (by *Norman D. Tucker),* for plaintiff.

*Moll, Desenberg, Bayer & Behrendt* (by *Jon P. Desenberg* and *Thomas G. Van Belkum),* for defendant.

Before: V. J. Brennan, P.J., and T. M. Burns and C. M. Forster,* JJ.

Per Curiam. Plaintiff, Eugene Morgan, M.D., filed a complaint in Wayne County Circuit Court on July 10, 1978, alleging medical malpractice against defendant, Richard S. Kamil, M.D., as a result of hip surgery performed in November, 1977. On November 3, 1977, prior to performance of the medical services in question, plaintiff signed a medical malpractice arbitration agreement. On or about November 26, 1979, plaintiff demanded arbitration pursuant to that agreement.

Thereafter, defendant moved for accelerated judgment on the basis that the matter should be resolved through arbitration, not in circuit court. On January 8, 1982, the circuit court entered an order compelling arbitration. Arbitration hearings

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

were conducted and in April, 1983, the panel awarded plaintiff $200,000.

On May 10, 1983, plaintiff moved under GCR 1963, 769 to confirm the arbitration award and for entry of judgment thereon. Plaintiff requested interest on the judgment, together with costs and attorney fees. Defendant opposed the motion, contending that interest on the judgment was not authorized. Hearings were held on the motion in May and June, 1983.

On August 12, 1983, the circuit court, in a written opinion, found that plaintiff was entitled to interest on the judgment under MCL 600.6013; MSA 27A.6013. On August 30, 1983, a judgment was entered which awarded plaintiff the $200,000 together with statutory interest and costs. Interest was computed at 6% simple interest from July 10, 1978, (the date the complaint was filed) through June 1, 1980, and 12% interest compounded annually from June 1, 1980, until the date the judgment was satisfied. The 12% compounded interest was applied to both the judgment principal and to the interest which had accrued prior to June 1, 1980.

The question presented is whether a party to a medical malpractice agreement who files a complaint in circuit court for a medical malpractice action is entitled to prejudgment interest under MCL 600.6013; MSA 27A.6013 on the judgment entered on an arbitration award even though the complaint was dismissed because the trial court ordered the parties to proceed with arbitration.

We hold today that the trial court erred in awarding plaintiff prejudgment interest on the medical malpractice arbitration award. MCL 600.6013; MSA 27A.6013 allows interest only on money judgments recovered in civil actions; it does not authorize interest on an arbitration award and

the judgments entered confirming the award. The Legislature intended MCL 600.6013; MSA 27A.6013 to apply only to judgments obtained in civil actions, through court proceedings, not arbitration.

MCL 600.6013; MSA 27A.6013 provides in pertinent part: "Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section." Under this statute, prejudgment interest is computed from the date the complaint is filed. "Statutory interest on a judgment, as contrasted with interest as an element of damages, is procedural rather than substantive." *Henley v Dep't of State Highways,* 128 Mich App 214, 222; 340 NW2d 72 (1983).

Pursuant to GCR 1963, 101, a civil action is commenced by filing a complaint with the court. See also MCL 600.1901; MSA 27A.1901. "An arbitration agreement is a contract whereby all the parties thereto agree to forego their rights to proceed with a court action and, instead, to submit their disputes to a panel of arbiters." *Horn v Cooke,* 118 Mich App 740, 744; 325 NW2d 558 (1982). In the instant case, the plaintiff signed an arbitration agreement whereby he agreed to submit any claims he might have arising from the medical treatment he received from the defendant to an arbitration panel for a decision. "Arbitration was the essential and singular nature of the agreement." *Morris v Metriyakool,* 418 Mich 423, 441; 344 NW2d 736 (1984) (Opinion of KAVANAGH, J.).

In *Bowes v International Pharmakon Laboratories, Inc,* 111 Mich App 410; 314 NW2d 642 (1981), this Court determined that a medical malpractice arbitration agreement divests the trial court of jurisdiction over a malpractice action. Under both the uniform arbitration act and the medical malpractice arbitration act, MCL 600.5001-600.5035;

MSA 27A.5001-27A.5035; MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* "a valid, binding arbitration agreement places subject matter jurisdiction in a panel of * * * arbitrators. * * * The circuit court's function is then no longer original but in the nature of an appellate court with supervisory powers." *Id.,* 414.

In several first-party actions against defendant insurers, where disputed claims arose under uninsured motorist coverage provisions in insurance policy contracts issued by the defendants to the plaintiffs, arbitration was the procedure for settling the disputes between the plaintiff insureds and the defendant insurers. See *Moultrie v Detroit Automobile Inter-Ins Exchange,* 123 Mich App 403; 333 NW2d 298 (1983); *Babayan v Detroit Automobile Inter-Ins Exchange,* 121 Mich App 515; 328 NW2d 429 (1982); *Reinshuttle v Aetna Life & Casualty Ins Co, Inc,* 72 Mich App 74; 248 NW2d 671 (1976); and *Osinski v Detroit Automobile Inter-Ins Exchange,* 69 Mich App 426; 245 NW2d 76 (1976).

The panels of this Court deciding these cases have all held that interest on the arbitration award is based on MCL 438.7; MSA 19.4, not on MCL 600.6013; MSA 27A.6013.

As explained by the *Moultrie* Court:

"In *Osinski v Detroit Automobile Inter-Ins Exchange,* 69 Mich App 426, 428; 245 NW2d 76 (1976), this Court reversed an award of interest on an arbitration award, pursuant to MCL 600.6013; MSA 27A.6013, from the date of filing the arbitration award, noting:

" 'By its express terms § 6013 applies only to a money judgment recovered in a "civil action" and permits interest to accrue from the date of filing the complaint. A civil action is commenced only "by filing a complaint with the Court". GCR 1963, 101; MCL 600.1901; MSA 27A.1901. In the instant case the arbitration proceed-

ings were instituted by a filing of a claim for arbitration with the insurance company—not a complaint with the court. The pre-circuit court proceedings simply were not the equivalent of civil action, and therefore § 6013 does not authorize the payment or receipt of interest on an arbitration award entered prior to the filing of a complaint with the circuit court.'

"The Court went on to hold that, based on MCL 438.7; MSA 19.4 and MCL 438.31; MSA 19.15(1), the proper interest on the arbitration award was five percent from the date the award was made and not from the date of filing the demand for arbitration. *Osinski, supra,* pp 428-430. Accord *Reinshuttle v Aetna Life & Casualty Ins Co, Inc,* 72 Mich App 74; 248 NW2d 671 (1976); *Babayan v Detroit Automobile Inter-Ins Exchange,* 121 Mich App 515; 328 NW2d 419 (1982). We are in accord with those decisions and, therefore, we hold that plaintiffs were entitled to interest on the arbitration award at the rate of five percent per annum from February 6, 1981, the date of the arbitration award." 123 Mich App 406-407.

We find the reasoning in *Osinski, supra,* and its progeny persuasive and applicable to the instant case.

Plaintiff relies on *Waldrop v Rodery,* 34 Mich App 1; 190 NW2d 691 (1971). This reliance, however, is misplaced because the facts in *Waldrop* are distinguishable. Here, the plaintiff agreed to arbitrate and so signed an agreement prior to initiating a lawsuit in court.

Plaintiff's argument that interest was properly awarded here because he, in fact, commenced a civil action in circuit court by filing a complaint is unavailing. Since plaintiff was a party to the arbitration agreement, the circuit court lacked subject matter jurisdiction over the lawsuit. The civil action was properly dismissed when accelerated judgment was granted to defendant and the parties were ordered to proceed with arbitration. See *Bowes, supra.*

We reverse the trial court's award of interest under MCL 600.6013; MSA 27A.6013. Under *Osinski, supra,* the plaintiff is entitled to interest pursuant to MCL 438.7; MSA 19.4, which provides for interest on arbitration awards in actions *founded on contracts:*

"In all actions founded on contracts express or implied, whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of either party, by verdict, report of referees, award of arbitrators, or by assessment made by the clerk of the court or by any other mode of assessment according to law, it shall be lawful, unless such verdict, report, award, or assessment shall be set aside, to allow and receive interest upon such amount so ascertained or liquidated, until payment thereof, or until judgment shall be thereupon rendered; and in making up and recording such judgment, the interest on such amount shall be added thereto, and included in the judgment."

Therefore, we remand to the trial court for a determination of interest on the arbitration award under MCL 438.7; MSA 19.4. We also direct the court to MCL 438.31; MSA 19.15(1)—the rate of interest is 5%.

Reversed and remanded. We retain no further jurisdiction.