WESTERN CASUALTY AND SURETY COMPANY v CITY OF
GARDEN CITY

Docket No. 82300. Submitted December 16, 1985, at Detroit. Decided
April 21, 1986.

Gerry DiPonio & Sons, Inc., and the City of Garden City entered
into a construction contract whereby DiPonio was to construct
storm sewers in Garden City. The Western Casualty and Surety
Company provided performance, payment and maintenance
bonds on DiPonio's behalf. Shortly after commencing work on
the contract, DiPonio encountered a number of undisclosed
subsurface conditions which hampered progress and required a
great deal of work not called for in the contract. DiPonio
requested that Garden City pay for the extra work required,
but Garden City refused. DiPonio subsequently defaulted on the
project and left the work site. DiPonio then executed an assign-
ment to Western of all its rights to compensation from Garden
City in connection with the storm sewer project. Western
completed the storm sewer project and demanded arbitration
pursuant to the contract between Garden City and DiPonio
seeking additional compensation due to the undisclosed condi-
tions that were encountered. Following arbitration, DiPonio
was awarded $92,754, of which $79,954 was compensation for
chance conditions, unforeseen obstructions and owner-caused
delays, and $12,800 was interest on the principal amount. The
City of Garden City filed a motion in Wayne Circuit Court
challenging the arbitrators' award of $12,800 as interest owed
to DiPonio. Western filed a motion to amend the caption of the
award to reflect it rather than DiPonio as the awardee. Follow-
ing hearings, the court, Lucile A. Watts, J., upheld the award
of interest, entered judgment in favor of Western for the full
amount of $92,754, plus interest at the statutory rate of twelve
percent compounded annually from the date the proceedings
were commenced in circuit court. Garden City appealed. *Held:*

    1. The trial court did not err in modifying the award to

REFERENCES

Am Jur 2d, Arbitration and Award §§ 6-10, 17, 35, 71-82, 141, 157.
Retrospective application and effect of state statute or rule allowing
interest or changing rate of interest on judgments or verdicts. 41
ALR4th 694.

reflect Western as the proper recipient of the arbitration award, even though Western's motion to have the caption of the arbitration award modified was not filed within the 20-day time limit set forth in the court rules. Garden City suffered no prejudice due to the late filing of the motion.

2. The arbitration panel exceeded its powers by improperly awarding the $12,800 interest.

3. The case must be remanded to the trial court for a determination of interest on the arbitration award. The rate of interest is to be 5%.

Reversed and remanded.

1. ARBITRATION — MODIFICATION OF AWARDS — TIMELINESS — COURT RULES.

A court in its discretion may hear a motion to vacate or modify an arbitration award even though the motion is not filed within the 20-day time limit set forth in the court rules if the movant asserts excusable neglect and lack of prejudice to the nonmoving party (GCR 1963, 108.7[2], 769.9[2]).

2. ARBITRATION — INTEREST.

Interest on an arbitration award is governed by the statutory provisions relating to actions founded on contracts and is to be awarded at the rate of five percent per annum from the date of the award; the statute allowing prejudgment interest and interest on a money judgment in a civil action does not apply to an arbitration award and the judgment confirming the award (MCL 438.7, 438.31, 600.6013; MSA 19.4, 19.15[1], 27A.6013).

3. ARBITRATION — STATUTORY ARBITRATION AWARDS — APPEAL.

A statutory arbitration award may be vacated where the arbitrators exceed their powers (GCR 1963, 769.9[1][C]; MCR 3.602[J][1][C]).

*Fischer, Franklin, Ford, Simon & Hogg* (by *Mark W. McInerny)*, for Western Casualty and Surety Company.

*Berry, Hopson, Francis, Mack & Seifman* (by *Ronald E. Mack)*, for the City of Garden City.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

C. W. SIMON, J. Garden City appeals as of right from a November 30, 1984, order that affirmed an arbitrator's award of $92,754 to Gerry DiPonio & Sons, Inc., against the City of Garden City. The order also modified the arbitration award to reflect Western Casualty and Surety Company as the proper recipient of the award and to enter judgment for Western in accordance with the arbitrator's award, together with statutory interest in the amount of twelve percent per annum from October 3, 1984.

The material facts of this case are not in dispute. This action arises from a construction contract between DiPonio and Garden City for the construction of storm sewers in Garden City. The contract was executed early in 1980. After commencing work on the contract, DiPonio encountered a number of undisclosed subsurface conditions which severely hampered its progress and required substantially more work than the contract called for. Garden City denied a request by DiPonio to pay for the extra work. In May, 1981, DiPonio defaulted on the project and left the site. Upon DiPonio's default, Garden City called on Western to complete the project pursuant to performance and payment bonds Western had provided DiPonio. Western had the project completed by June, 1981.

In 1977, DiPonio had executed an agreement to indemnify Western which, among other things, obligated DiPonio to assign various rights to Western in the event DiPonio defaulted on a project for which Western was the surety. Pursuant to that agreement, on May 25, 1981, DiPonio executed an assignment to Western of all of its rights to compensation from Garden City in connection with the storm sewer project. On July 2, 1981, Western, as DiPonio's assignee and surety, demanded arbitration pursuant to § 44 of the Garden City/DiPonio

contract, seeking additional compensation due to the undisclosed conditions that DiPonio encountered.

Arbitration hearings took place on an intermittent basis over approximately a two-year period. On September 15, 1983, a three-member arbitration panel released its decision awarding DiPonio $92,754, of which $79,954 was compensation for chance conditions, unforeseen obstructions and owner-caused delays, and $12,800 was interest on the principal amount. On October 3, 1983, Garden City filed a motion in Wayne County Circuit Court challenging the arbitrators' award of $12,800 as interest owed to DiPonio. On October 24, 1983, Western filed a motion to amend the caption of the award to reflect it rather than DiPonio as the awardee.

After an initial hearing, the matter was remanded to the arbitrators for an explanation as to the basis for the $12,800 interest award. The arbitrators responded with a letter stating the following:

> This letter will clarify our intention in the matter of interest awarded under item 6 in the subject arbitration. We decided that Gerry DiPonio & Sons was entitled to approximately $80,000.00 for work done on the Moeller Drain Project. The City of Garden City had this money for two years and collected or, should have collected interest on this amount. We agreed that the interest should be included since it was earned on money that belonged to Gerry DiPonio & Sons, Inc.
>
> *  *  *
>
> The decision was made on the above basis and we believe that it is just and reasonable.

After the above letter was issued, the motions were taken under advisement.

Western then filed the motion for entry of its proposed judgment pursuant to GCR 1963, 522.1(2), now MCR 2.602(A), (B) and (D). The proposed judgment included a provision awarding Western interest on the arbitration award at the statutory rate of twelve percent, compounded annually from October 3, 1983, the date circuit court proceedings were commenced by Garden City.

After hearing arguments from both parties on the propriety of the arbitrators' award of interest, the court indicated that it would uphold the award. The court then entered the proposed judgment in favor of Western in the full amount of $92,754 awarded by the arbitrators, plus interest at the statutory rate of twelve percent, compounded annually from the date the proceedings were commenced in circuit court, and modified the arbitration award to reflect Western as the proper recipient of the award.

We first address the question of whether the court erred in modifying the award to reflect Western as the proper recipient. GCR 1963, 769.10(1)(a) provides in pertinent part:

(1) Upon application by motion made within 20 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

The arbitration award in this case is dated September 15, 1983. Western did not file its motion to amend the caption of the award until October 24, 1983, approximately ten days outside the above twenty day time limit. Therefore, Garden City argues that the modification was erroneous.

This precise issue has not previously been decided by our courts. However, a similar factual situation arose in *Detroit Automobile Inter-Ins Exchange v Gavin,* 416 Mich 407, 422-425; 331 NW2d 418 (1982). There, the defendant argued that the circuit court lacked jurisdiction to hear the plaintiff's motion to vacate an arbitration award because it was not filed within the twenty-day rule set forth in GCR 1963, 769.9(2). The Court declined to construe the rule as a jurisdictional barrier. The Court noted that there was nothing in the explicit language of the rule, or the policy that it is intended to effect, that mandates that a circuit judge's discretionary power to permit a party to plead beyond established time limits upon assertions of excusable neglect, GCR 1963, 108.7(2), is, or should be, curtailed. *Id.,* 423. Although the plaintiff did not have a compelling excuse for the delay, the Court determined that the trial judge did not abuse his discretion in hearing the motion in light of the minimal delay and absence of prejudice. *Id.,* 424-425.

In this case, the record is devoid of any explanation for Western's failure to file timely its motion to have the caption of the arbitration award modified. Nevertheless, we do not believe that the circuit court abused its discretion in ordering the modification. There is no question that Western is the party which demanded and prosecuted the arbitration proceedings pursuant to the assignment of DiPonio's rights to Western. The fact that DiPonio was erroneously named in the caption of the arbitration award did not cause Garden City any prejudice whatsoever. Therefore, we affirm the order requiring the award to be modified so as to reflect Western as the proper recipient.

The other two issues raised on appeal both deal with interest. The first is whether the arbitration

panel erred in awarding $12,800 as interest on the principal amount it determined Garden City owed Western. Although not exactly on point, we find this Court's recent case in *Morgan v Kamil,* 144 Mich App 171, 173-174; 375 NW2d 378 (1985), lv den 422 Mich 969 (1985), to be instructive. *Morgan* held that MCL 600.6013; MSA 27A.6013 allows interest, including prejudgment interest, only on money judgments recovered in civil actions through court proceedings. It does not authorize interest on an arbitration award or the judgment confirming the award.

Although in this case the award of prejudgment interest was made by the arbitration panel and not the court, as was the case in *Morgan,* we do not feel that this fact mandates a different result. Nothing authorizes interest on an arbitration award (with the exception of the arbitration interest statute to be discussed) whether awarded by the court or the arbitration panel.

Pursuant to GCR 1963, 769.9(1)(C), now MCR 3.602(J)(1)(C), a statutory arbitration award may be vacated where the arbitrators exceed their powers. We find that the arbitrators exceeded their powers by improperly awarding the $12,800 interest.

In a similar issue, Garden City argues that the trial court erred in awarding Western statutory interest on its order of judgment. Once again the recent holding by this Court in *Morgan v Kamil, supra,* is instructive. MCL 600.6013; MSA 27A.6013 does not authorize interest on an arbitration award. 144 Mich 173. Interest on an arbitration award in an action founded on a contract is governed by MCL 438.7; MSA 19.4. 144 Mich App 177. The statute provides as follows:

In all actions founded on contracts express or

implied, whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of either party, by verdict, report of referees, award of arbitrators, or by assessment made by the clerk of the court or by any other mode of assessment according to law, it shall be lawful, unless such verdict, report, award, or assessment shall be set aside, to allow and receive interest upon such amount so ascertained or liquidated, until payment thereof, or until judgment shall be thereupon rendered; and in making up and recording such judgment, the interest on such amount shall be added thereto, and included in the judgment.

Therefore, we remand to the trial court for a determination of interest on the arbitration award. We note that the rate of interest is five percent pursuant to MCL 438.31; MSA 19.15(1).

Reversed and remanded for proceedings consistent with this opinion.