*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROGER SOULLIERE, SOULLIERE
DECORATIVE STONE, INC., MICHIGAN SKID
LOADER, INC., STONE CITY, INC.,
SOULLIERE'S STONE CITY, INC., SOULLIERE
WALL STONE, INC., PROTEK PRODUCTS, INC.,
SOULLIERE LEASING, LLC, and SOULLIERE
REALTY, LLC,

UNPUBLISHED
April 27, 2023

        Plaintiffs/Counterdefendants-
        Appellees,

v

No. 359671
Macomb Circuit Court
LC No. 2013-001334-CB

FRANK BERGER, DSSC HOLDINGS, LLC, DSSC
REALTY, LLC, STONESCAPE DESIGN, LLC,
STONESCAPE SUPPLY, LLC, MACOMB SKID
LOADER, LLC, LYRIC TECHNOLOGY, LLC,
DAWN SURMA, MATTHEW ESCH, TIM SHEA,
JAMES RISNER, NICHOLAS MAIORIANA,
BRIAN ROBERTS, DAVID ATKINSON, and
CAROL ANN SOULLIERE-KRAFT,

        Defendants/Counterplaintiffs-
        Appellants.

Before: CAMERON, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

In this action involving a dispute over business assets, defendants appeal as of right the trial court's order denying defendants' motion to vacate the arbitrator's award and instead confirming the arbitrator's award as clarified by the arbitrator pursuant to this Court's previous remand. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

-1-

When this case was previously before this Court, we affirmed the arbitrator's award of $120,750 in damages, plus costs, fees, and judgment interest for plaintiffs' common-law conversion claim but remanded the matter "for clarification of the arbitrator's original award with respect to the liability of each defendant." *Soulliere v Berger*, unpublished per curiam opinion of the Court of Appeals, issued October 29, 2020 (Docket No. 349428), pp 1, 6, 8 (*Soulliere I*).[1]

On remand, the arbitrator concluded,

> [T]here is sufficient evidence to support that Defendants Frank Berger, Dawn Surma, DSSC Holdings LLC, Stonescape Design, LLC, Stonescape Supply, LLC, and Macomb Skid Loader, LLC are jointly and severally liable for the monetary damages for conversion of Plaintiffs' intangible assets. Specifically, these defendant [sic] are liable for the monetary damages for conversion in the amount of $120,750.00, along with costs and fees, and judgment interest pursuant to MCL 600.6013 from January 23, 2013, the date of the conversion.

The arbitrator also found that there was insufficient evidence to impose monetary damage liability on defendants DSSC Realty, LLC, Lyric Technologies, LLC, Matthew Esch, Tim Shea, James Risner, Nicholas Maioriana, Brian Roberts, and David Atkinson. Finally, the arbitrator concluded that Carol Ann Soulliere-Kraft was not liable for monetary damages because she had been dismissed as a defendant from the case.

Defendants subsequently moved to vacate the arbitrator's award, and plaintiffs moved to confirm the award and enter a final judgment. The trial court denied defendants' motion to vacate the award, granted plaintiffs' motion to confirm the award, and entered a final judgment consistent with the arbitrator's award. The trial court denied defendants' motion for reconsideration. This appeal followed.

## II. TIMELINESS OF PLAINTIFFS' MOTION TO CONFIRM AWARD

Defendants first argue that the trial court erred by confirming the arbitration award because plaintiffs' motion to confirm the award was untimely under MCR 3.602(I). Defendants contend that plaintiffs' motion was untimely because the arbitrator's original award was issued on October 12, 2018, and plaintiff did not move to confirm the award until more than one year later.

"This Court reviews de novo a trial court's decision to enforce, vacate, or modify an arbitration award." *City of Ann Arbor v American Federation of State, Co & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). "The interpretation and application of a court rule involves a question of law that this Court reviews de novo." *Jaguar Trading Ltd Partnership v Presler*, 289 Mich App 319, 323; 808 NW2d 495 (2010). "The rules governing the construction of statutes apply to the interpretation of court rules[,]" and unambiguous court rule language will be "enforced as written." *Id.*

---

[1] Because the underlying facts of plaintiffs' conversion claim are not at issue in this appeal, we need not repeat the underlying background facts that this Court summarized in the prior appeal.

MCR 3.602(I) provides:

A party may move for confirmation of an arbitration award within one year after the award was rendered. The court may confirm the award, unless it is vacated, corrected, or modified, or a decision is postponed, as provided in this rule.

Here, the original arbitration award was issued on October 12, 2018. On November 2, 2018, defendants moved to vacate or modify the arbitration award. Plaintiffs filed a responsive pleading in opposition on December 7, 2018, in which plaintiffs requested that the trial court deny defendants' motion, affirm the arbitration award, and enter judgment.

MCR 3.602(J)(5) provides, "If the motion to vacate is denied and there is no motion to modify or correct the award pending, the court shall confirm the award." Under MCR 3.602(L), the "court shall render judgment giving effect to the award as corrected, confirmed, or modified." MCR 3.602(L). Given that defendants had already moved to vacate or modify the award within a month of the original award, along with the requirement in the court rule that the trial court confirm the award if it were to deny defendants' motion and the concomitant lack of any requirement in MCR 3.602 that plaintiffs also file a separate motion to confirm the award under such circumstances, we conclude that plaintiffs fully complied with MCR 3.602. The subsequent delay in obtaining confirmation of the award was due to multiple remands to the arbitrator to clarify the award, one of which was pursuant to an order from this Court after defendant appealed. Moreover, plaintiffs most recently moved on September 24, 2021, to confirm the arbitration award as it was clarified on August 18, 2021. We do not understand defendants' apparent contention in the current appeal that plaintiffs could somehow lose their ability to enforce the arbitration award as the appellate process played out. Thus, we affirm the trial court's order confirming the arbitration award. See *Tokar v Albery*, 258 Mich App 350, 354; 671 NW2d 139 (2003) ("Unless the trial court vacates an arbitration award, it must enter a judgment on the award as corrected, confirmed, or modified.").

## III. JURISDICTION

Next, defendants advance a rather specious argument purporting to attack the jurisdiction of the arbitrator or the circuit court. Defendants assert that plaintiffs claimed at some point to have assigned the arbitration award to a nonparty entity and that there was no record evidence of this alleged assignment. Defendants appear to argue that "if" this assignment actually occurred, then "this entire litigation has proceeded without properly invoking the court's jurisdiction" because the action was not prosecuted in the name of the real party in interest. Defendants further appear to argue that the arbitration award was invalid because defendants never reached an agreement to arbitrate with the alleged nonparty assignee.

It appears that defendants' arguments rest on the hypothetical existence of an assignment that defendants admit has not been proven to have been made. Defendants do not provide any relevant legal authority or cogent explanation for how an unproven claim of assignment by plaintiffs provides this Court with a basis for concluding that there was error requiring reversal under the circumstances presented. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to

sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted). Accordingly, we decline to address defendants' argument because we cannot discern any rational theory for relief from defendants' brief. It is not this Court's task to assemble defendants' disjointed ramblings into a cohesive and legally sound argument.[2]

## IV. MOOTNESS

Defendants next contend that this case is moot based on an assertion that the arbitration only involved two of the named plaintiff corporations which have been dissolved and because plaintiff Roger Soulliere has passed away. Thus, defendants claim that this case must be dismissed because "no plaintiff exists."

However, the original arbitration award, as well as the recent clarification, indicated that all plaintiffs were subject to the arbitration proceedings. On appeal, defendants attempt to read the arbitrator's opinion and award as somehow being applicable to only two plaintiffs but without citing any legal authority to support their novel theory. Defendants also cite no legal authority to support their contention that under the facts presented, even assuming that defendants' summation of the relevant facts is accurate, dismissal of the action is the proper remedy. Instead, defendants explicitly admit the lack of legal authority to support their contention. Defendants additionally fail to adequately address the trial court's reasoning for rejecting their arguments below because defendants have not provided any explanation supported by legal authority as to how they believe the trial court erred. Consequently, it is not up to this Court to create an argument to support defendants' claim that this action should be dismissed. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson*, 457 Mich at 243 (quotation marks and citation omitted).

## V. PROCEEDINGS ON REMAND

Defendants argue that the arbitrator failed to comply with this Court's remand instructions in *Soulliere I*. However, defendants do not provide any legal authority in support of their argument. Thus, this argument is abandoned. *Wilson*, 457 Mich at 243. To the extent defendants merely present us with an argument that the arbitrator should have reached a different conclusion regarding which parties were liable based on the factual evidence, this does not provide a basis for reversal. "Judicial review of an arbitrator's decision is narrowly circumscribed," and a "court may not review an arbitrator's factual findings or decision on the merits." *City of Ann Arbor*, 284 Mich App at 144.

## VI. INTEREST

---

[2] We note, however, that "a plaintiff need only be vested with the right of action on the claim; the beneficial interest may be with another." *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 413; 875 NW2d 242 (2015).

Finally, defendants argue that under *Morgan v Kamil*, 144 Mich App 171; 375 NW2d 378 (1985), the trial court erred by including prejudgment interest under MCL 600.6013 in the final judgment because "the award was obtain[ed] through arbitration, not through court proceedings."

MCL 600.6013(1) generally provides in relevant part that "[i]nterest is allowed on a money judgment recovered in a civil action, as provided in this section."

In *Morgan*, the plaintiff sued the defendant in the circuit court for medical malpractice even though the plaintiff had signed a medical malpractice arbitration agreement before the medical services at issue were performed. *Morgan*, 144 Mich App at 172. More than a year after filing the complaint in the circuit court, the plaintiff demanded arbitration pursuant to the arbitration agreement. *Id*. The circuit court eventually entered an order compelling arbitration, arbitration hearings were held, and the arbitration panel issued an award in the plaintiff's favor. *Id*. at 172-173. When the plaintiff moved in the circuit court for confirmation of the arbitration award and entry of judgment, the plaintiff requested interest on the judgment and the circuit court determined that the plaintiff was entitled to interest on the judgment pursuant to MCL 600.6013. *Id*. at 173.

On appeal, this Court reversed the trial court's decision to award interest under MCL 600.6013. *Id*. at 177. This Court reasoned that the plaintiff had signed an agreement to arbitrate *before* initiating the circuit court action and that the circuit court thus lacked jurisdiction over the lawsuit because the plaintiff was a party to the arbitration agreement. *Id*. at 176. This Court held that the circuit court erred by awarding prejudgment interest under MCL 600.6013 because that statute "allows interest only on money judgments recovered in civil actions" and "does not authorize interest on an arbitration award and the judgments entered confirming the award." *Id*. at 173-174. We further determined that MCL 600.6013 was intended "to apply only to judgments obtained in civil actions, through court proceedings, not arbitration." *Id*. at 174.

Here, however, defendants do not claim that there was an agreement to arbitrate that existed prior to the initiation of this lawsuit. Rather, as defendants admit, the parties reached an agreement to arbitrate during the course of the circuit court litigation. These circumstances are more analogous to the circumstances that were present in *Old Orchard By the Bay Assoc v Hamilton Mut Ins Co*, 434 Mich 244; 454 NW2d 73 (1990), disavowed in part on other grounds by *Holloway Constr Co v Oakland Co Bd of Co Rd Comm'rs*, 450 Mich 608, 615-616 (1996).

In *Old Orchard*, the plaintiff "filed a complaint to resolve a contract dispute in the absence of any prior agreement to arbitrate or any agreement on the appropriate interest rate." *Old Orchard*, 434 Mich at 253. During the course of the litigation, the parties agreed to voluntarily submit their dispute to statutory arbitration and a stipulated order to that effect was entered. *Id*. at 247. The arbitrator entered an award in favor of the plaintiff that included statutory interest pursuant to MCL 600.6013, and the trial court confirmed the award in all respects. *Id*. at 248. Our Supreme Court held that the interest award was proper, explaining as follows:

> Given the broad statutory definition of a "civil action" in Michigan, and given the parties stipulation to arbitrate made in the context of a properly filed lawsuit, we conclude that the judgment in favor of plaintiff was made pursuant to a "civil action." [*Id*. at 260.]

The Court in *Old Orchard* specifically distinguished such circumstances from *Morgan* and other similar "actions which are brought for the sole purpose of obtaining a judgment confirming the [arbitration] award." *Id*. at 261. The *Old Orchard* Court explained:

> The salient fact in this case is that the parties chose to arbitrate only after the filing of the complaint. By contrast, in *Morgan*, *supra*, the parties had agreed to arbitrate prior to the filing of the complaint; moreover, the circuit court dismissed the case after entering an order compelling arbitration. [*Id*.]

In light of *Old Orchard*, defendants in this case have not demonstrated that the award of interest under MCL 600.6013 was erroneous.[3]

Affirmed. Plaintiff having prevailed in full is entitled to costs. MCR 7.219.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Stephen L. Borrello

---

[3] We additionally note that "unless the parties explicitly agree otherwise, preaward damage claims including interest are considered to have been submitted to arbitration for resolution." *Holloway*, 450 Mich at 612. Although defendants claim that the parties did not provide for prejudgment interest in their agreement to arbitrate, defendants do not claim that there was an explicit agreement to prohibit the arbitrator from considering an award of interest under MCL 600.6013.