KUNATH v SINAI HOSPITAL OF DETROIT

Docket No. 81989. Submitted December 10, 1985, at Detroit.—Decided February 4, 1986.

Plaintiffs Raelyn K. Kunath and Dennis M. Kunath filed a medical malpractice suit against defendants Sinai Hospital of Detroit, Martin B. Trotsky, M.D. and Martin B. Trotsky, M.D., P.C., in Wayne Circuit Court. Defendants moved for accelerated judgment on the grounds that the circuit court lacked subject-matter jurisdiction and that the claim was barred because of another disposition of it before the action was commenced, in view of an arbitration agreement. The circuit court, Michael L. Stacey, J., granted defendants' motion after an evidentiary hearing. Plaintiffs appealed. *Held:*

1. Plaintiffs did not satisfy their burden of proving that the medical malpractice arbitration agreement was invalid.

2. Plaintiffs' contention that the existence of a factual issue as to whether or not plaintiff Raelyn Kunath received an explanatory booklet on arbitration precluded the grant of accelerated judgment was not raised at the hearing. Appellate review on this issue was therefore precluded.

Affirmed.

1. ARBITRATION — MEDICAL MALPRACTICE.

A plaintiff who seeks to avoid a medical malpractice arbitration agreement bears the burden of showing that the agreement is invalid.

2. MOTIONS AND ORDERS — ACCELERATED JUDGMENT — ISSUES OF MATERIAL FACT.

An accelerated judgment is improper when a genuine issue of material fact exists.

*Rifkin & Kingsley, P.C.* (by *David K. Whipple*), for plaintiffs.

*Kitch, Saurbier, Drutchas, Wagner & Kenney,*

REFERENCES

Am Jur 2d, Physicians, Surgeons, and other Healers §§ 374, 376.

Arbitration of medical malpractice claims. 84 ALR3d 375.

*P.C.* (by *Susan Healy Zitterman),* for defendant-appellee Sinai Hospital of Detroit.

*Dice, Sweeney, Sullivan, Feikens, Hurbis & Foster, P.C.* (by *Richard C. Boothman* and *Dennis J. Mendis),* for defendants-appellees Martin B. Trotsky, M.D., and Martin B. Trotsky, M.D., P.C.

Before: DANHOF, C.J., and J. H. GILLIS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the November 23, 1984, order of the Wayne County Circuit Court granting accelerated judgment to all defendants in this medical malpractice action.

The lawsuit arises out of a septorhinoplasty performed on or about August 24, 1982. Defendants Martin B. Trotsky, M.D., and Martin B. Trotsky, M.D., P.C., moved for accelerated judgment under GCR 1963, 116.1(2) and 116.1(5), on the grounds that the court lacked subject-matter jurisdiction, and that the claim was barred because of another disposition of it before commencement of the action. Specifically, defendants claimed that prior to the operation plaintiff entered a valid arbitration agreement under the Malpractice Arbitration Act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.* Defendant Sinai Hospital joined in the motion. In response, plaintiff Raelyn Kunath filed an affidavit stating that she did not knowingly, willingly, or with any type of information or knowledge, sign an arbitration agreement, that she was not informed of alternatives to the arbitration agreement, that she was not given a brochure explaining the arbitration agreement, and that her signature on the agreement form was procured by fraud and/or misrepresentation.

* Circuit judge, sitting on the Court of Appeals by assignment.

An evidentiary hearing was held to resolve the factual issues. Plaintiff Raelyn Kunath admitted signing the agreement, but testified that she did not know what she signed. According to her testimony, she did not receive a booklet or other information to explain arbitration. Kathy Jordan, an office assistant at defendant Sinai Hospital for over nine years, testified that it was her habit to ask an incoming patient to read the arbitration agreement, to determine whether the patient is familiar with the agreement and, if the patient is not, then to explain it, and finally to give an explanatory booklet with the agreement form without regard to whether a patient executes the agreement. Ms. Jordan could not recall whether she had gone through this routine with plaintiff Raelyn Kunath. The trial court granted defendants' motion at the conclusion of the evidentiary hearing.

Plaintiffs first contend that the trial court clearly erred by granting accelerated judgment because the habit testimony of Ms. Jordan does not satisfy the strict requirement of MCL 600.5041(6); MSA 27A.5041(6) that an information brochure accompany an arbitration agreement form.

Although the trial court did not specify the basis for granting accelerated judgment at the hearing or in its order, it appears from the record that the motion was granted under GCR 1963, 116.1(2), for lack of subject matter jurisdiction. GCR 1963, 116.3 authorizes a trial court to order immediate trial of any disputed questions of fact, and the trial court did so here. Findings of fact shall not be set aside on appeal unless clearly erroneous. GCR 1963, 517.1. The trial court's factual determination is not clearly erroneous in light of Ms. Jordan's

habit testimony which the trial court apparently found to be the more credible evidence.

Further, we note that a plaintiff who seeks to avoid a medical malpractice arbitration agreement bears the burden of showing an invalid agreement. *McKinstry v Valley Obstetrics-Gynecology Clinic, PC, (After Remand),* 146 Mich App 307; 380 NW2d 93 (1985). Plaintiffs did not satisfy that burden of proof.

Plaintiffs next contend that accelerated judgment is precluded when a genuine issue of material fact *(e.g.,* whether plaintiff Raelyn Kunath received an explanatory booklet) exists. Plaintiffs rely upon *Aluia v Harrison Community Hospital (On Remand),* 139 Mich App 742; 362 NW2d 783 (1984). At the outset we note that plaintiffs raised no objection below on this point, thereby precluding appellate review. *McKinstry v Valley Obstetrics-Gynecology Clinic, PC, (After Remand), supra,* p 314. We further note that *Aluia, supra,* is factually inapposite because accelerated judgment was decided exclusively upon affidavits. In contrast, the trial court in this case held an evidentiary hearing to resolve disputed fact issues.

Affirmed.