CAMPBELL v ST JOHN HOSPITAL

Docket No. 93807. Submitted March 8, 1988, at Detroit. Decided August 15, 1988. Leave to appeal applied for.

On January 26, 1984, plaintiff, Deborah Campbell, personal representative of the estate of Mamie Sutton, deceased, brought a medical malpractice action in the Wayne Circuit Court against St. John Hospital, Louis J. Gregory, M.D., and Ronald E. Rourke, M.D. On March 2, 1984, defendants Gregory and Rourke answered plaintiff's complaint. Gregory asserted the existence of an arbitration agreement as an affirmative defense. On March 14, 1985, plaintiff amended her complaint. Rourke answered the amended complaint on April 30, 1985, but did not mention the existence of the arbitration agreement in either of his answers. On March 7, 1986, St. John Hospital filed a motion for summary disposition based on the arbitration agreement. On April 4, 1986, Gregory filed a similar motion. Following hearings on the motions, the trial court, Michael L. Stacey, J., granted the motions of the hospital and Gregory. An order was entered May 8, 1986. On April 30, 1986, Rourke filed a motion for summary disposition based on the arbitration agreement. Following a hearing, the trial court granted Rourke's motion and entered an order on June 10, 1986. Plaintiff's motion for reconsideration of the dismissal of the complaint against Gregory was denied and an order to that effect was entered on September 5, 1986. Plaintiff appealed from the orders entered June 10, 1986, and September 5, 1986.

The Court of Appeals *held:*

1. The trial court did not err in finding that the arbitration agreement was valid and that plaintiff failed to meet her burden to rebut the presumption of the agreement's validity.

2. Extending enforcement of the arbitration agreement made between plaintiff's decedent and the hospital to the defendant doctors was not improper or unconstitutional.

3. The Malpractice Arbitration Act does not deprive a circuit

REFERENCES

Am Jur 2d, Physicians, Surgeons and Other Healers §§ 372-377, 376.

Arbitration of medical malpractice claims. 84 ALR3d 375.

court of subject matter jurisdiction over medical malpractice controversies.

4. The right to assert an arbitration agreement as grounds for dismissal in circuit court is governed by MCR 2.116(C)(7), and must be raised in a defendant's first responsive pleading. Rourke waived his right to demand arbitration by failing to raise the existence of the arbitration agreement until two years following the filing of plaintiff's complaint. The May 10, 1986, order granting Rourke's motion for summary disposition is reversed and the action regarding Rourke is remanded for further proceedings.

5. The action regarding Gregory is remanded for the trial court to address the issue whether the two-year delay between Gregory's notification of the arbitration agreement in his first responsive pleading and his motion for summary disposition based on the agreement constituted a common-law waiver of his right to arbitrate.

Affirmed in part, reversed in part and remanded.

1. ARBITRATION — MEDICAL MALPRACTICE — ARBITRATION AGREE-
     MENTS — PRESUMPTION OF VALIDITY.

     An arbitration agreement under the Malpractice Arbitration Act is presumed valid where the party seeking to enforce the agreement offers evidence that it complied with the statutory requirements for such agreements; the burden to rebut the presumption of validity then shifts to the party seeking to avoid the agreement (MCL 600.5041, 600.5042; MSA 27A.5041, 27A.5042).

2. ARBITRATION — MEDICAL MALPRACTICE — ARBITRATION AGREE-
     MENTS.

     Evidence of the routine practice of an organization in regard to the execution of an arbitration agreement under the Malprac-tice Arbitration Act is relevant to show conformity with the act in the execution of an agreement on a particular occasion (MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.*).

3. ARBITRATION — MEDICAL MALPRACTICE — ARBITRATION AGREE-
     MENTS — APPEAL.

     A trial court's determination that an arbitration agreement under the Malpractice Arbitration Act complies with the re-quirements pertaining thereto, thereby placing the burden of rebutting the presumption of the agreement's validity on the party seeking to avoid the agreement, will not be reversed on appeal absent a showing of clear error (MCL 600.5041, 600.5042; MSA 27A.5041, 27A.5042).

4. ARBITRATION — MEDICAL MALPRACTICE — HOSPITALS — HEALTH CARE PROVIDERS.

An arbitration agreement between a hospital and a patient extends to health care providers using the hospital's facilities who have agreed to arbitrate; whether the patient is aware of a provider's agreement to arbitrate is not material.

5. ARBITRATION — MEDICAL MALPRACTICE — COURTS — JURISDICTION.

The existence of a valid medical malpractice arbitration agreement does not deprive the circuit court of subject matter jurisdiction over medical malpractice controversies.

6. ARBITRATION — MEDICAL MALPRACTICE — DEFENSES — TIMELINESS.

An arbitration agreement defense to a medical malpractice action must be timely asserted in the defendant's first responsive pleading (MCR 2.116[C][7], 2.116[D][2]).

7. ARBITRATION — WAIVER.

Common-law principles govern a party's right to assert arbitration as a defense; arbitration rights may be waived by a party's conduct.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *David K. Barnes, Jr.*), for plaintiff.

*Schureman, Frakes, Glass & Wulfmeire* (by *Stephen A. Schaefer*), for Ronald Rourke, M.D.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Robert G. Kamenec*), for Louis Gregory, M.D.

Before: McDONALD, P.J., and HOLBROOK, JR., and T. R. THOMAS,* JJ.

McDONALD, P.J. Plaintiff appeals as of right from a May 10, 1986, order granting defendant Rourke's motion for summary disposition and a September 5, 1986, order denying plaintiff's motion for rehearing of defendant Gregory's prior motion for summary disposition and the order granting

* Circuit judge, sitting on the Court of Appeals by assignment.

the same in this malpractice action. We reverse in part and affirm in part.

Plaintiff's cause of action arises out of the allegedly negligent medical care rendered to Mamie Sutton between January 3, 1982, and January 30, 1982, during her inpatient stay at defendant St. John Hospital. Prior to her admission to the hospital, Sutton signed an arbitration agreement. Plaintiff filed her complaint on January 26, 1984. On March 2, 1984, defendants Gregory and Rourke answered plaintiff's complaint. Defendant Gregory asserted the arbitration agreement as an affirmative defense. On March 14, 1985, plaintiff amended her complaint. Defendant Rourke answered plaintiff's amended complaint on April 30, 1985. Defendant Rourke did not mention the existence of the arbitration agreement in either of his answers.

On March 7, 1986, defendant St. John Hospital filed a motion for summary disposition based on the arbitration agreement signed by Sutton prior to her admission to the hospital. On April 4, 1986, defendant Gregory filed a similar motion. On April 11, 1986, a hearing was held on both motions. An evidentiary hearing to determine the validity of the arbitration agreement was held on April 25, 1986.

At this hearing, the patient registration clerk from St. John Hospital testified that in June, 1982, it was her job to present arbitration agreements to patients upon their admission to the hospital. The clerk testified that she did not specifically remember Sutton, but that it was the hospital's standard procedure for a volunteer to give each patient an information booklet and a copy of an arbitration agreement. The clerk would then ask each patient if they had received the booklet, if they had read the booklet and if they had any questions. If the patient had any questions, she would try to answer

them or refer the patient to the information booklet. If the patient decided to sign the arbitration agreement, she would witness the signature and make sure that the patient had a copy of the booklet and the arbitration agreement. The clerk stated that this procedure did not change unless the patient could not, for example, speak English or had some other difficulty.

Deborah Campbell testified that she accompanied Mamie Sutton, her mother, to St. John Hospital on January 3, 1982, the day Mamie Sutton was admitted. Campbell stated that she never left her mother's side during the admission process and that her mother was never given an information booklet. Campbell testified that nothing was ever explained to her or her mother about the arbitration agreement. Campbell testified that her mother signed the arbitration agreement because Campbell told her to do so. Campbell explained arbitration to her mother and that she would "go in front of a doctor if something happened." This was the only explanation Sutton received about the arbitration agreement.

After hearing the testimony, the trial court granted defendants St. John Hospital's and Gregory's motions. An order was entered May 8, 1986. On April 30, 1986, defendant Rourke brought a motion for summary disposition on the ground that plaintiff was required to arbitrate her claims against him pursuant to the arbitration agreement Sutton signed on January 3, 1982. Following a hearing, the trial court granted his motion and an order to this effect was entered June 10, 1986.

On May 16, 1986, plaintiff moved for reconsideration of the court's dismissal of her complaint against defendant Gregory. On May 30, 1986, a hearing was held on plaintiff's motion for reconsideration. The trial court requested that defendant

Gregory obtain a copy of the participation agreement he signed with St. John Hospital. After several delays, plaintiff's motion was reheard on September 5, 1986. Plaintiff's motion for reconsideration was denied and an order was entered that same day. It is from the final orders of the trial court entered June 10, 1986, and September 5, 1986, that plaintiff now appeals as of right.

Plaintiff raises several issues on appeal. Plaintiff first contends that the trial court erred in finding the arbitration agreement valid and binding on plaintiff. Plaintiff argues that the trial court improperly placed the burden of disproving the validity of the arbitration agreement on plaintiff. We disagree.

In *McKinstry v Valley Ob-Gyn Clinic, PC,* 428 Mich 167; 405 NW2d 88 (1987), our Supreme Court recently resolved the conflict in this Court as to which party bears the burden of proving the validity of an arbitration agreement under the Medical Malpractice Arbitration Act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.* (MMAA). *McKinstry* held that when the party seeking to enforce the arbitration agreement offers evidence that it complied with the requirements of MCL 600.5041, 600.5042; MSA 27A.5041, 27A.5042 the agreement is presumed valid. The burden to rebut the presumption of validity then shifts to the party seeking to avoid the agreement. *McKinstry, supra.*

For the statutory presumption of validity to accrue, a party must offer evidence that

> (1) A written arbitration agreement complying with the provisions of the MMAA has been signed by the person receiving health care or treatment or his legal representative;
> (2) The arbitration agreement provides that the offer to arbitrate, if accepted by the patient, must be revocable in writing for sixty days;

(3) The arbitration agreement states, above the signature line in twelve-point boldface type: "THIS AGREEMENT TO ARBITRATE IS NOT A PREREQUISITE TO HEALTH CARE OR TREATMENT AND MAY BE REVOKED WITHIN 60 DAYS AFTER EXECUTION BY NOTIFICATION IN WRITING TO _____";

(4) The patient has been given a booklet detailing the specific provisions of the arbitration agreement;

(5) The patient has been given a copy of the arbitration agreement; and

(6) The offer to arbitrate did not precede the provision of emergency care. [*McKinstry, supra* at 181; see MCL 600.5041; MSA 27A.5041.]

Evidence of the routine practice of an organization is relevant to show conformity with the act on a particular occasion. Moreover, a trial court's evaluation of the evidence before it and its decision to place the burden of rebutting the presumption of validity of an arbitration agreement on the plaintiff will not be overturned absent clear error. *McKinstry, supra.* A decision is "clearly erroneous" when the reviewing court is left with a definite and firm conviction that a mistake has been made. *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976). Here, the trial court found that the arbitration agreement was valid and that plaintiff failed to meet her burden to rebut the presumption of the agreement's validity. We find no error in the trial court's findings.

We also reject plaintiff's claim that extending enforcement of the arbitration agreement made between plaintiff's decedent and the hospital to the defendant doctors was improper and unconstitutional. An arbitration agreement between a patient and a hospital extends to a health care provider. *Harte v Sinai Hospital of Detroit,* 144 Mich App 659; 375 NW2d 782 (1985). The fact that

a patient is unaware of the doctor's agreement with the hospital is immaterial. *Harte, supra.* Moreover, a person's decision to waive a jury trial in favor of arbitration in a medical malpractice dispute is not tantamount to deprivation of a fundamental constitutional right. *McKinstry, supra.*

Plaintiff last claims that the trial court erred in failing to find that defendants waived their right to assert the arbitration agreement as a defense. Defendants contend that an arbitration agreement is not an affirmative defense similar to those listed in MCR 2.116(C)(7) and therefore need not be raised in a party's first responsive pleadings. Moreover, defendants argue that a party can never waive the right to arbitrate as the agreement acts to divest the circuit court of subject matter jurisdiction over the dispute subject to arbitration.

We disagree with defendants on both accounts. Although we recognize that there is a conflict in the decisions of this Court as to whether the MMAA deprives the circuit court of subject matter jurisdiction over medical malpractice controversies,[1] we agree with the reasoning contained in *Hendrickson v Moghissi,* 158 Mich App 290; 404 NW2d 728 (1987), and find that it does not.

Moreover, we agree with the *Hendrickson* Court's characterization that

> [A]n arbitration agreement is in the nature of a release or a statute of limitations, narrowing a party's legal rights to pursue a particular claim in a particular forum. . . .

> [T]he party asserting an arbitration agreement

[1] See *Morgan v Kamil,* 144 Mich App 171; 375 NW2d 378 (1985); *Kunath v Sinai Hospital of Detroit,* 149 Mich App 32; 385 NW2d 715 (1986), contra, *Hendrickson v Moghissi,* 158 Mich App 290; 404 NW2d 728 (1987).

defense to litigation must timely assert that defense. [*Hendrickson, supra* at 298.]

We therefore believe that the right to assert an arbitration agreement as grounds for dismissal is governed by MCR 2.116(C)(7) and must accordingly be raised in a defendant's first responsive pleading. MCR 2.116(D)(2).

Thus, because defendant Rourke failed to raise the existence of the arbitration agreement until two years following the filing of plaintiff's complaint, he has waived the right to demand arbitration. We therefore reverse the trial court's May 10, 1986, order granting defendant Rourke's motion for summary disposition and remand for further proceedings.

Common-law principles also govern a party's right to assert arbitration as a defense. Arbitration rights may be waived by a party's conduct. In *Hendrickson, supra* at 300, another panel of this Court cited with approval the following language:

"Various forms of participation by a defendant in an action have been considered by the courts in determining whether there has been a waiver of the defendant's right to compel arbitration or to rely on arbitration as a defense to the action. It has been generally held or recognized that by such conduct as defending the action or proceeding with the trial, a defendant waives the right to arbitration of the dispute involved. A waiver of the right to arbitration on the part of a defendant of a dispute sought to be litigated in court has also been found from particular acts of participation by a defendant, each act being considered independently as constituting a waiver. Thus, a defendant has been held to have waived the right to arbitration of the dispute involved by filing an answer without properly demanding or asserting the right to arbitration, by filing an answer containing a

counterclaim against the plaintiff without demanding arbitration or by filing a counterclaim which was considered inconsistent with a previous demand for arbitration, by filing a third-party complaint or cross-claim, or by taking various other steps, including filing a notice of readiness for trial, filing a motion for summary judgment, or utilizing judicial discovery procedures." [Anno: *Defendant's participation in action as waiver of right to arbitration of dispute involved therein,* 98 ALR3d 767, § 2, pp 771-772.]

It is unclear from the record whether this issue was decided by the trial court. On remand, the trial court should address whether the two-year delay between defendant Gregory's notification of the arbitration agreement in his responsive pleading and his motion for summary disposition based on the agreement constituted a common-law waiver of his right to arbitrate.

Affirmed in part, reversed in part and remanded for further proceedings.