NORTH WEST MICHIGAN CONSTRUCTION, INC v STROUD

Docket No. 116604. Submitted June 20, 1990, at Grand Rapids. Decided October 2, 1990.

North West Michigan Construction, Inc., built a house for Russell N. and Cheryl L. Stroud pursuant to a written contract which provided for arbitration in the case of a dispute. North West brought an action against the Strouds in the Leelanau Circuit Court, alleging that defendants owed, but refused to pay, $11,825.67 under the contract. Defendants filed an answer which affirmatively pled that plaintiff was required to submit the dispute to arbitration, later filed a pretrial statement which noted the arbitration provision of the contract, and still later moved for summary disposition on the ground that plaintiff was required to submit its claim to arbitration. The court, Charles M. Forster, J., denied the motion, ruling that defendants had waived their right to assert arbitration as a ground for dismissal, and entered a judgment in favor of plaintiff. Defendants appealed.

The Court of Appeals *held*:

1. A party's right to assert arbitration as a defense may be waived by certain conduct. Here, the trial court did not err in finding that defendants, by their active participation in the proceedings, had waived their right to assert arbitration as a ground for dismissal.

2. The trial court did not err in construing that a ninety-day provision in the contract required completion of the house within ninety days after the building and all necessary permits were received, and not within ninety days of the date of the contract as defendants had claimed. The trial court did not err in finding that plaintiff had complied with the terms of the contract and was therefore entitled to a judgment in its favor.

Affirmed.

1. Arbitration — Waiver of Arbitration.

A party's right to assert arbitration as a defense may be waived

References

Am Jur 2d, Arbitration and Award §§ 51, 52; Contracts §§ 274, 280.

Defendant's participation in action as waiver of right to arbitration of dispute involved therein. 98 ALR3d 767.

by such conduct as filing an answer without properly demanding or asserting the right to arbitration, filing an answer containing a counterclaim against the plaintiff without demanding arbitration, filing a counterclaim which is inconsistent with a previous demand for arbitration, filing a third-party complaint or cross-claim, or taking various other steps, including filing a notice of readiness for trial, filing a motion for summary judgment, or utilizing judicial discovery procedures.

2. CONTRACTS — OMITTED WORDS — JUDICIAL CONSTRUCTION.

When a contract clearly implies or suggests that a certain word has been omitted from the contract, that word will be supplied by construction.

3. CONTRACTS — JUDICIAL CONSTRUCTION.

Where the language contained in a contract raises doubt or uncertainty in construing a contractual provision, the parties' interpretation is given great, if not controlling, weight.

*Zerafa Law Offices, P.C.* (by *Richard J. Zerafa*), for plaintiff.

*James E. Gleason,* for defendants.

Before: HOOD, P.J., and HOLBROOK, JR., and NEFF, JJ.

PER CURIAM. In this contract dispute, defendants appeal as of right from a judgment of the circuit court entered in favor of plaintiff for $11,825.67, plus interest and costs. We affirm.

I

Defendants first contend that the trial court erred in finding that defendants had waived their right to assert that the parties' agreement required them to submit any disputes to arbitration.

The construction contract specifically provides that any controversies arising out of the contract are to be settled by arbitration. On June 17, 1988, in answering plaintiff's complaint, defendants affir-

matively pled that plaintiff was required to submit its dispute to arbitration. On December 2, 1988, defendants also noted in their pretrial statement the arbitration provision contained in the construction contract. However, it was not until February 27, 1989, that defendants moved to dismiss plaintiff's complaint on the ground that plaintiff was required to submit its claim to arbitration.

The trial court thereafter entered an order denying defendants' motion to dismiss, finding that defendants had waived their right to assert arbitration as a ground for dismissal. The trial court stated:

> After the initial pleadings neither party took any action to invoke the arbitration provisions. Both parties have actively participated in the litigation through discovery, pre-trial and mediation.
>
> *   *   *
>
> Had Defendants filed a motion in response to the Plaintiffs' original complaint, the dispute would have been subject to the arbitration provisions. With the passage of time, the Defendant's [sic] active participation in the litigation and the Defendant's [sic] failure to seek enforcement of the arbitration provision, the Court finds that there has been a waiver of that contractual right.

A party's right to assert arbitration as a defense may be waived by certain conduct, and each case is to be decided on the basis of its particular facts. *Hendrickson v Moghissi,* 158 Mich App 290, 299-300; 404 NW2d 728 (1987). In *Hendrickson, supra,* p 300, this Court, quoting from 98 ALR3d 767, § 2, pp 771-772, stated:

> Various forms of participation by a defendant in an action have been considered by the courts in

determining whether there has been a waiver of the defendant's right to compel arbitration or to rely on arbitration as a defense to the action. It has been generally held or recognized that by such conduct as defending the action or proceeding with the trial, a defendant waives the right to arbitration of the dispute involved. A waiver of the right to arbitrration [sic] on the part of a defendant of a dispute sought to be litigated in court has also been found from particular acts of participation by a defendant, each act being considered independently as constituting a waiver. Thus, a defendant has been held to have waived the right to arbitration of the dispute involved by filing an answer without properly demanding or asserting the right to arbitration, by filing an answer containing a counterclaim against the plaintiff without demanding arbitration or by filing a counterclaim which was considered inconsistent with a previous demand for arbitration, by filing a third-party complaint or cross-claim, or by taking various other steps, including filing a notice of readiness for trial, filing a motion for summary judgment, or utilizing judicial discovery procedures.

Under the circumstances here, the trial court did not err in finding that defendants, by their active participation in the proceedings, had waived their right to assert arbitration as a ground for dismissal. Because the trial court properly found that defendants had waived their right to assert arbitration, we need not reach the issue whether the construction contract made arbitration a condition precedent to the filing of plaintiff's cause of action. Even if arbitration were a condition precedent to filing suit, defendants, by their actions, have waived their right to assert arbitration as a defense.

II

Defendants next contend that the trial court

erred in entering judgment in favor of plaintiff because plaintiff failed to complete their home within the ninety-day period required under the contract. We disagree.

The parties' construction contract provides:

> Time is the essence of this contract and every effort will be made by the contractor to complete all work within 90 days after building [sic] all necessary permits are received.

In entering judgment in favor of plaintiff, the trial judge found that plaintiff had complied with the ninety-day time requirement in completing defendants' home. In so finding, the judge stated that the above provision was ambiguous because of possible words that were missing from the contractual provision.

When a contract clearly implies or suggests that a certain word has been omitted, that word will be supplied by construction. *Mondou v Lincoln Mutual Casualty Co,* 283 Mich 353, 359; 278 NW 94 (1938). The trial judge here construed the contract to provide that the work would be completed within ninety days after the building and all necessary permits are received. This construction is in accordance with plaintiff's interpretation of the contractual agreement. However, Russell Stroud testified in uncertain terms that the parties' agreement required completion of the work within ninety days after the date of the contract. Where the language contained in a contract raises doubt or uncertainty in construing a contractual provision, the parties' interpretation is given great, if not controlling, weight. *Detroit Greyhound Employees Federal Credit Union v Aetna Life Ins Co,* 381 Mich 683, 686; 167 NW2d 274 (1969).

The factual circumstances of this case support the trial court's construction of the contract. The trial court did not err in entering judgment in favor of plaintiff and in finding that plaintiff had complied with the terms of the contract.

Affirmed.