*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARC A. BELGIORNO,

      Plaintiff-Appellant,

v

RACHEL M. BELGIORNO,

      Defendant-Appellee.

UNPUBLISHED
February 26, 2019

No. 340589
Midland Circuit Court
LC No. 14-001271-DM

Before: SWARTZLE, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals by leave granted from an opinion and order requiring him to pay $106,900 to defendant in satisfaction of the retirement benefits provision in the parties' July 23, 2015 judgment of divorce. We vacate and remand for further proceedings.

## I. STATEMENT OF FACTS

Plaintiff and defendant were married on August 24, 2000 and have two minor children. Plaintiff is a stockbroker and financial advisor employed by Wells Fargo. He earned the required financial advisor certifications during the marriage while defendant worked to support the family. Defendant is employed by Mercury Network, a telecommunications sales firm.

At the time of the filing of the complaint for divorce on February 11, 2014, plaintiff had an IRA and a 401(k), and defendant had an IRA. Plaintiff managed all three retirement accounts. The parties agreed to a 50-50 division of the three retirement plans. Eventually, a judgment of divorce was entered on July 23, 2015. Pertinent to this appeal, the judgment included the following provision regarding division of the parties' retirement plans:

### PENSION AND/OR RETIREMENT BENEFITS

IT IS FURTHER ORDERED AND ADJUDGED that except as otherwise provided for in this Judgment of Divorce, each party shall hold as their sole and separate property, free and clear of any claim of the other, any and all right, title

and interest in any pension, annuity, or retirement benefits; or any accumulated contributions in any pension, annuity or retirement benefits; or any right or contingent right in and to unvested pension, annuity or retirement benefits, that either party has acquired as a result of their respective employment.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff has a 401k which will be divided between the parties 50-50 *as of the filing of Complaint for Divorce.*

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff and Defendant each have an IRA which will be divided between the parties 50-50 *as of the filing of Complaint for Divorce.*

IT IS FURTHER ORDERED AND ADJUDGED the parties may divide the 401k and IRA's in any manner they can agree to so long as the aggregate is 50-50, *plus or minus any appreciation or depreciation.* [Emphasis added.]

When the judgment of divorce was entered, the parties understood that a qualified domestic relations order ("QDRO") was necessary to divide the retirement plans. However, during the following year, a QDRO was not prepared, and in the meantime, both parties' IRAs declined significantly in value, while plaintiff's 401(k) appreciated significantly in value.

On August 2, 2016, defendant filed a motion to enforce the judgment, alleging, in relevant part, that plaintiff had not yet fulfilled his obligation to divide the retirement assets or his spousal support obligations. She further alleged that plaintiff's retirement accounts had "severely diminished" and that there might not be enough funds left to pay her the amount of money required under the divorce judgment. Defendant requested that plaintiff be ordered to co-operate in releasing the funds from his IRA and 401(k), and that he fulfill the spousal support obligations. Plaintiff admitted that he had not completely fulfilled all the requirements of the divorce judgment, but claimed that through his counsel he had made offers to resolve his spousal support and retirement asset division responsibilities and that defendant had not responded.

The parties disputed the precise amounts in their respective accounts, but agreed that at the time the complaint for divorce was filed, plaintiff's IRA was worth approximately $230,900.00; plaintiff's 401(k) was worth approximately $50,000.00; and defendant's IRA was worth approximately $12,500.00. The parties also agreed that as of the date defendant filed the motion to enforce, plaintiff's IRA had declined to approximately $87,300.00; plaintiff's 401(k) had increased to approximately $94,700.00; and defendant's IRA had declined to approximately $7,900.00. Plaintiff noted that the increased value of his 401(k) reflected contributions he had made after the complaint for divorce was filed, in the amount of approximately $32,774.00. It appears that the parties did not provide evidence of the values of their accounts as of the date the judgment of divorce was entered. The parties vigorously disputed whose fault it was that the QDRO had not been promptly prepared, as well as the extent of plaintiff's responsibility for the decline in value of the IRAs. Nonetheless, the gravamen of the parties' dispute was ultimately the date to be used for calculating the QDRO, and consequently the amount plaintiff was obligated to pay.

The trial court calculated that if the retirement accounts were divided based on their values as of the date of the filing of the complaint for divorce, plaintiff would owe defendant $134,200.00.[1] The trial court also calculated that if the retirement accounts were divided based on their values as of the date of the motion to enforce, plaintiff would owe defendant $86,900.00.[2] The court found fault on both sides for the delay in processing the required QDRO and in the manner in which the funds were maintained and invested. Based on these facts, the court ordered plaintiff to pay defendant $106,900 from plaintiff's retirement accounts. The court did not state specifically how it arrived at or chose the $106,900 figure.

Plaintiff filed a motion for reconsideration, arguing that the trial court had erred in valuing his 401(k) at $94,700.00 by including the contributions he made after the complaint for divorce was filed. Plaintiff also argued that using a 5.15% rate of return compounded for three years, defendant's share of the 401(k) should have been $29,721. He therefore concluded that the correct calculation as of the date of the motion to enforce should have resulted in a payment of $58,360.00.[3] Defendant responded that the trial court had not treated "its determination as a true 'math problem,' " but rather as a weighing of the equities on the whole record, so the exact figure used was merely "a demonstrative calculation." The trial court denied plaintiff's motion.

## II. STANDARD OF REVIEW

A settlement agreement such as a property settlement in a divorce is construed as a contract. *In re Lett Estate*, 314 Mich App 587, 599; 887 NW2d 807 (2016). The same legal principles that generally govern the interpretation of contracts govern the parties' settlement agreement in a divorce case. *Id.* at 599-600. Thus, a consent judgment of divorce must be interpreted according to the plain and ordinary meaning of its terms. *Id*. at 600. Interpretation of unambiguous and unequivocal contract language is a question of law that this Court reviews de novo. *MacInnes v MacInnes*, 260 Mich App 280, 283; 677 NW2d 889 (2004). All the parts must be harmonized as much as possible, and each word of the contract must be given effect if possible. *Smith v Smith*, 292 Mich App 699, 702; 823 NW2d 114 (2011), citing *Duval v Aetna Casualty & Surety Co*, 304 Mich 397, 401; 8 NW2d 112 (1943).

## III. LEGAL PRINCIPLES

Courts are bound by property settlements reached through negotiations and agreement by parties to a divorce action in the absence of fraud, duress, mutual mistake, or severe stress that prevented a party from understanding the nature and effect of the act in which he or she was engaged. *Keyser v Keyser*, 182 Mich App 268, 269-270; 451 NW2d 587 (1990). See also *Lentz v Lentz,* 271 Mich App 465, 471-472; 721 NW2d 861 (2006), where this Court stated:

---

[1] $(((230{,}900 + 50{,}000 + 12{,}500) / 2) - 12{,}500) = 134{,}200$.

[2] $(((94{,}700 + 87{,}000 + 7{,}900) / 2 ) - 7{,}900) = 86{,}900$.

[3] $(((29{,}721 + 87{,}000 + 7{,}900) / 2) - (7{,}900 / 2)) = 58{,}360.50$. Plaintiff apparently rounded down to the nearest whole dollar.

-3-

> We find no reason to rewrite a contract between adults who negotiated their own property disposition in anticipation of separation or divorce. Absent fraud, coercion, or duress, the adults in the marriage have the right and the freedom to decide what is a fair and appropriate division of the marital assets, and our courts should not rewrite such agreements.

Illegality and unconscionability are also bases for reopening consent property settlement agreements. See, e.g., *Andrusz v Andrusz*, 320 Mich App 445, 453; 904 NW2d 636 (2017). However, courts "will not rewrite or abrogate an unambiguous agreement negotiated and signed by consenting adults by imposing a 'reasonable' or 'equitable' inquiry on the enforceability of such agreements." *Lentz,* 271 Mich App at 478.

## IV. CONSENT JUDGMENT

Plaintiff testified that the intent of the provision in question was that the three retirement plans were to be divided at their value as of the time the complaint for divorce was filed, subject to appreciation or depreciation accrued thereafter. Defendant does not contest this interpretation. This interpretation is logical, because the provision includes both the phrases "as of the filing of Complaint for Divorce" and "plus or minus any appreciation or depreciation." The entire contract must be read and construed as a whole. Plaintiff's interpretation harmonizes the wording of the retirement benefits provision and gives effect to all of the words used therein. Therefore, we conclude that the account values as of the date of the complaint for divorce must be the starting point of analysis, to be adjusted for appreciation or depreciation. The trial court properly began by determining the values of the parties' accounts as of the date the complaint for divorce was filed.

However, if the trial court relied on equitable considerations in awarding $106,900.00 to defendant, as defendant argues, the trial court erred. As noted above, a consent judgment is a contract, and courts may not rewrite parties' contract based on equity. Furthermore, defendant does not allege fraud, mistake, or extreme stress in the events leading up to the signing of the judgment of divorce; nor does she allege illegality or unconscionability. Defendant correctly observes that courts may modify their own judgments based on equitable considerations. See *Hagen v Hagen*, 202 Mich App 254; 508 NW2d 196 (1993). Although *Hagen* somewhat confusingly uses the term "property settlement," it is clear that the trial court modified its own order, not a contractual agreement entered into by the parties. Defendant also correctly observes that property divisions may entail equitable considerations. See *Sparks v Sparks*, 440 Mich 141; 485 NW2d 893 (1992). However, again, neither case involved a court tampering with a contract. The trial court may not depart from the language of a consent judgment for equitable reasons.

Nevertheless, the courts may depart from the language of a properly executed consent judgment if the consent judgment is incomplete, and if so, then the courts "must balance the equities insofar as it is possible under the circumstances." *Andrusz*, 320 Mich App at 453, citing *Greaves v Greaves*, 148 Mich App 643, 646-647; 384 NW2d 830 (1986). Importantly, we find that the parties' consent judgment *is* incomplete here. Although the consent judgment unambiguously sets the date of the filing of the complaint as the starting point for calculating the accounts' divisions, it calls for the inclusion of "plus or minus any appreciation or depreciation." Critically, the consent judgment provides no *ending* date; in other words, the date upon which

the appreciation or depreciation should be calculated. The ending date must be different from the starting date, or the "plus or minus" clause would be nugatory. Nonetheless, it is not specified, and thus constitutes a void that the court must fill.

Pursuant to *Andrusz*, the trial court may rely on equitable concerns in determining how to fill the void, but must remain mindful of precisely what that void entails. That void is not a question of how much money is fair or appropriate to transfer, but rather, when to calculate the appreciation and depreciation. We find that the consent judgment provides no facially evident basis for selecting a date and is therefore ambiguous. Consequently, the courts may "consider extrinsic evidence to resolve the ambiguity, but the overarching goal, to which any rule of interpretation must bow, is to determine the intent of the parties." *Andrusz*, 320 Mich App at 453. The parties seemingly assumed that appreciation and depreciation should be calculated as of the date of the motion to enforce, and "where the language contained in a contract raises doubt or uncertainty in construing a contractual provision, the parties' interpretation is given great, if not controlling, weight." *North West Mich Constr, Inc v Stroud*, 185 Mich App 649, 653; 462 NW2d 804 (1990). However, we cannot find any indication that a motion to enforce was contemplated, suggesting that the parties had no such intention when they entered into the consent judgment. Conversely, marital assets are typically valued at the time of trial or when the judgment is entered when dividing property. *Woodington v Shokoohi*, 288 Mich App 352, 365; 792 NW2d 63 (2010). However, that timing is not mandatory. *Id*.

Ultimately, we may not impose a date by making assumptions about the parties' intentions or picking a date we think would be reasonable. The trial court erred by basing its award on equitable concerns. Rather, the trial court must make specific factual determinations regarding when the consent judgment requires any appreciation or depreciation to be valued, and then it must effectuate the parties' consent judgment based on that determination. We note that it is possible the parties intended appreciation or depreciation to be valued as of the date the consent judgment was entered, although on this record we cannot tell and we will not assume. We must therefore remand this matter to the trial court for further factual development and determinations.

## V. CONTRIBUTIONS AND WITHDRAWALS

Plaintiff also argues that the trial court erred in including the contributions he made to his 401(k) after the filing of the complaint for divorce. Specifically, he argues that his contributions of $32,774 should not be divided between the parties. We agree. The parties' judgment of divorce specifically states that the retirement plans are to be divided 50-50 "as of the filing of Complaint for Divorce" "plus or minus any appreciation or depreciation." It is clear that the parties intended that the value of each retirement plan on the date the complaint was filed was to be the starting point, with appreciation or depreciation added to or subtracted from that starting amount. The plain language of this provision states that appreciation or depreciation is to be included, but does not state that contributions are to be included. Words in a contract must be given their plain and ordinary meaning. *Holland v Trinity Health Care Corp*, 287 Mich App 524, 527; 791 NW2d 724 (2010). Therefore, the trial court should have deducted the subject contributions. Similarly, the $2,000 that defendant withdrew from her IRA after the filing of the complaint for divorce must be added back in for purposes of the division equation.

## VI. CONCLUSION

The trial court erred to the extent it based its award on equitable concerns. The trial court must enforce the terms of the parties' consent judgment. On this record, there is no way to determine when "appreciation or depreciation" should be valued, so the trial court must fill the void in the contract by determining the parties' intent. In so doing, the trial court may consider equitable principles, but it must then enforce the terms of the resulting complete consent judgment. We therefore vacate the trial court's award, and we remand for further findings consistent with this opinion. We do not retain jurisdiction. Plaintiff, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Amy Ronayne Krause

-6-